James ALEXANDER, et al., Plaintiffs,

v.

CITY OF PLAINVIEW, Defendant.

Civ. A. No. CA 5-87-031-C.

United States District Court,
N.D. Texas,
Lubbock Division.

Sept. 7, 1988.

---

222

Buddy Wright of Tom Upchurch, Jr. and Associates, Amarillo, Tex., B. Craig Deats of Fickman & Van Os, P.C., Austin, Tex., for plaintiffs.

Tom Hamilton and David Blackburn, City Attys. Office, Plainview, Tex., Bettye S. Kitch of Haynes and Boone, Fort Worth, Tex., for defendant.

## ORDER

CUMMINGS, District Judge.

Coming on for consideration are plaintiffs' motion for partial summary judgment and defendant's motion for summary judgment regarding section 8 of the 1985 amendments to the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 215. The Court, after review of the pleadings and arguments by counsel through both written briefs and oral argument, finds that defendant's motion for summary judgment should be denied and that summary judgment should be awarded to the plaintiffs on the issue of liability.

The facts are not disputed regarding the defendant passing a city ordinance after the United States Supreme Court decision in *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), which made the FLSA minimum wage and overtime provisions expressly applicable to all state and municipal employees. The ordinance, passed prior to the enactment of the 1985

FLSA amendments, lowered the base hourly wage rates of the plaintiff firefighters in order to take into account the overtime compensation required by *Garcia.* Thereby the line-item budget stayed the same for firefighters' salaries.

The 1985 FLSA amendments, enacted in November, 1985 and subject to enforcement in April, 1986, were intended to ease the transition for state and local governments now subject to FLSA per *Garcia.* Prior to the passing of the ordinance, several firefighters notified the fire chief regarding their rights of coverage under *Garcia.* These same firefighters subsequently filed this lawsuit after the passing of the ordinance and the ripening of enforcement of the FLSA amendments.

■ First, the Court concludes that section 8 of the 1985 FLSA amendments covers discrimination occurring retroactive to February 19, 1985, the date of the *Garcia* opinion. The literal language of the section shows Congress' intent to make the amendment retroactive. Statutory interpretation begins with the language of the legislation and legislative history is only consulted if ambiguity exists. See generally *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986); *Watt v. Alaska,* 451 U.S. 259, 101 S.Ct. 1673, 68 L.Ed.2d 80 (1981).

Not only does section 8 specifically reference the date of February 19, 1985, as the beginning date for protection against discrimination, but it also refers to an employer who "has discriminated" because of employee assertion of coverage. Other courts have found additional evidence of retroactive intent in the joint explanatory statement of the committee on conference and other legislative history. See *Blanton v. City of Murfreesboro,* 658 F.Supp. 1540, 1541 (M.D.Tenn.1987); *O'Quinn v. Chambers County,* 636 F.Supp. 1388, 1390 (S.D. Tex.1986); *Kartevold v. Spokane County Fire Protection District,* 625 F.Supp. 1553, 1563 (E.D.Wash.1986); and *Knicklebine v. City of Pensacola,* PCA 87–30085–RV (unpublished decision by Judge Roger Vinson, N.D. Fla., March 31, 1988).

This Court is aware that the Honorable Judge Maloney within this same district did not find retroactivity in *Hill v. City of Greenville,* CA 3–87–0084 (June 10, 1988), after consideration of excerpts of committee reports and committee hearings. Rather, Judge Maloney found a "continuing violation" by the City of Greenville. However, this Court does not opt for the "continuing violation" theory due to the sufficient evidence regarding the retroactive intent in section 8's language.

■ In applying section 8 to the case at bar, the Court concludes that the assertion by even one employee is sufficient for the class or unit of employees of firefighters to claim their rights to overtime pay under FLSA. See *Blanton, supra* 658 F.Supp. at 1543–4 and *Hill, supra* Slip Op. at 5–6.

■ Further, defendant's act of unilaterally reducing the hourly rate of pay is discrimination motivated by an attempt to avoid protections of federal law granted to the firefighters. A unilateral reduction of regular pay intended to nullify the FLSA amendments is unlawful. See *Blanton, supra* 658 F.Supp. at 1544–5 and *Hill, supra* Slip Op. at 6–7. In the case at bar, the defendant unilaterally reduced the wage rates to offset the paying of overtime after the assertion of coverage. Thus discrimination exists within the meaning of section 8 of the FLSA amendments.

■ Defendant argues, despite its mayor's own statements that the ordinance was passed to avoid the consequences of FLSA, a good faith defense that economic necessities of the times required a reduction in pay. In the current situation, defendant's budget actually contained a four-percent pay increase for all employees and did not reflect the severe economic crunch which could legitimate a unilateral reduction in pay. Defendant is not foreclosed in the future of instituting pay reductions for legitimate reasons, but the intent of the ordinance of avoiding FLSA overtime provisions meets any requirement of retaliation under section 8.

 Defendant also argues that it should be protected from liability due to the protection Congress gave Amarillo and similarly situated cities per the committee reports and hearings. A lawsuit, *Hines v. City of Amarillo*, No. CA 2–85–0141 (N.D. Tex.), was pending at the time that Congress enacted the 1985 FLSA amendments. Thus a neutrality statement is contained in the Congressional history which gives protection to "actions" that were pending at the time. A major distinction in the case at bar is that this lawsuit was *not* pending when the neutrality statement was entertained by Congress; therefore, the defendant is not entitled to protection from the enforcement of section 8.

Defendant also argues reliance on representatives of the Department of Labor, who apparently ill-advised the defendant to implement a wage reduction. Reliance on unwritten advice by government representatives is not persuasive to the Court for avoiding discrimination. The joint explanatory statement clearly states that such action is not lawful. See 1985 U.S.Code Cong. & Ad.News 669–70. Defendant obviously attempted to jump the gun by discriminating against the plaintiff firefighters before the enactment of Congressional amendments but after the *Garcia* decision which imposed liability. Defendant is now caught in its own trap since the legislation includes provisions which backdates its effectiveness to the date of the *Garcia* opinion.

 Lastly, the defendant discriminated not only against employees who were on the payroll prior to the wage-reducing ordinance but also against those hired after the passage of the ordinance. Because the ordinance is discriminatory, all those affected, no matter what their hiring date, are entitled to recover damages for the defendant's unlawful discrimination under section 8 of the FLSA amendments.

This matter is set on the trial docket for October 3, 1988. The Court will entertain proper evidence at the time of trial regarding the damages of the individual plaintiffs due to the defendant's liability for unlawful discrimination.

It is so ORDERED.