Robert R. YORK, et al., Plaintiffs,

v.

**CITY OF WICHITA FALLS, TEXAS, Defendant.**

Civ. A. No. CA–7–87–20.

United States District Court,
N.D. Texas,
Wichita Falls Division.

Aug. 29, 1989.

Thomas A. Woodley, Mulholland & Hickey, Washington, D.C., Michael F. Payne, Wichita Falls, Tex., for plaintiffs.

Greg Humbach, City Atty., B. Jean Thompson, Asst. City Atty., Wichita Falls,

Tex., Bettye S. Kitch, Haynes & Boone, Fort Worth, Tex., for defendant.

## ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT

MARY LOU ROBINSON, District Judge.

Before the Court are Plaintiffs' and Defendant's Motions for Summary Judgment and Defendant's Motion to Strike Portions of Plaintiffs' Motion for Summary Judgement. Plaintiffs' Motions are granted and Defendant's Motions are denied.

Plaintiffs are fire fighters employed by the City of Wichita Falls, Texas. In June of 1985 the City unilaterally reduced the wages of the fire fighters to bring its overtime compensation payment into compliance with the Supreme Court's decision in *Garcia v. San Antonio Metro. Transit Auth.,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), decided the previous February. The City reduced the hourly wages of the fire fighters and began paying overtime. The fire fighters received the same annual pay they had received before their wages were reduced, the only difference being that after the reduction the fire fighters payroll records reflected that they received overtime wages. The annual sum actually received remained the same, only the nomenclature had changed.

## BACKGROUND

In *Garcia*[1], *supra,* the Supreme Court made the Fair Labor Standards Act (FLSA) and its minimum wage and overtime provisions applicable to state and municipal employees. To ease budgetary problems and the applicability of FLSA to the States and municipalities, Congress passed amendments in November of 1985 which allowed the newly affected governmental units to award compensatory time, in certain circumstances, instead of cash overtime payments. The amendments were made effective as of April 15, 1986, giving employers

until that time to begin paying overtime to affected employees. *Blanton v. City of Murfreesboro,* 658 F.Supp. 1540, 1541 (M.D.Tenn.1987), *aff'd in part and modified in part,* 856 F.2d 731 (6th Cir.1988). Congress at this time also enacted Section 8 as an integral part of the FLSA amendments. *See id.* Section 8 prohibits discrimination by a governmental unit against employees entitled to overtime compensation, and works in conjunction with § 15(a)(3) of the FLSA. *See* 29 U.S.C.A. § 215 (Supp.1989) (historical note).

Section 8 expressly provides that no state agency may "discriminate ... against an employee with respect to the employee's wages, or other terms or conditions of employment because ... the employee asserted coverage under section 7" of the Act. *See* 29 U.S.C.A. § 215 (Supp.1989). Section 7 establishes the number of hours above which overtime is triggered for fire fighters. 29 U.S.C. § 207.

Plaintiffs contend that the City's unilateral reduction of pay constitutes a violation of section 8 of the FLSA's 1985 amendments. Plaintiffs contend that they are entitled to judgment as a matter of law on the issue of liability, i.e.—on the question whether Defendant City of Wichita Falls violated Section 8 of the Fair Labor Standards Act's 1985 amendments.

Defendant contends that it is entitled to summary judgment because the undisputed evidence establishes that Plaintiffs did not assert coverage as required under the Act, that the action complained of (a unilateral reduction of pay) was undertaken before the FLSA amendments were enacted, and that Plaintiffs have failed to establish that the City discriminated against them within the meaning of the FLSA. Defendant also questions the standing of several of the Plaintiffs to participate in this action, claiming that they are exempt employees under the Act.

## THE COVERAGE ISSUE

Plaintiffs contend that they properly asserted coverage under FLSA because Plain-

---

**1.** *Garcia* overruled an earlier decision of the Court, *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976),

which had expressly exempted states and municipalities from compliance with the Fair Labor Standards Act.

tiff Broyles, who was a union official, brought the *Garcia* decision to the Fire Chief's attention and asked him how it applied to them.

Defendants argue that coverage was not properly asserted because Plaintiff Broyles could only assert coverage for himself, that he could not, under state law, properly act as a union representative in dealing with the City. Defendants contend that in bringing the decision to the Fire Chief's attention Broyles was fulfilling his obligation to perform an advisory function for the Fire Chief. Further, the City contends that Plaintiff Broyles could not assert coverage for others because he was not entitled to coverage himself, since he is an exempt employee under FLSA.

■ Defendant construes this requirement too strictly. The requirement of 'assertion of coverage' must be liberally construed. *See Blanton*, 658 F.Supp. at 1544 ("the legislative history indicates that the drafters intended that an 'assertion of coverage' need be only 'some act constituting notification to an employer' that employees are 'covered by the overtime provisions of the FLSA.' ") (citation omitted). An assertion of coverage made by only one employee accrues to the benefit of other similar employees and is thus sufficient to meet the section 8 requirement. *Alexander v. City of Plainview*, 694 F.Supp. 221, 223 (N.D.Tex.1988).

■ Further, if the Defendant is already apprised of the fact that its employees may be covered by the FLSA, it would be superfluous to require that Plaintiffs make a formal notification of coverage. *Hill v. City of Greenville*, 696 F.Supp. 1123, 1125–26 (N.D.Tex.1988). "Because the purpose of the 'assertion of coverage' provision is to put an employer on notice that its employees are covered by FLSA, if the employer clearly already has notice of that fact, the employer needs no further notice." *Id.*

■ The fact that it was Plaintiff Broyles who brought the *Garcia* to the attention of the City, via the Fire Chief, and that he may be exempt from the appli-

cation of the FLSA, discussed *infra*, does not negate the assertion of coverage. The main purpose of the requirement of assertion of coverage "is to ensure that there is some linkage between the result in *Garcia* and a municipality's action." *Wilson v. City of Independence*, Civil Action No. 87–4101–0, 1988 WL 169938 (D. Kansas) (October 4, 1988).

In this action, the linkage is clear. The Fire Chief was informed of the decision in *Garcia* by Plaintiff Broyles and Defendant immediately begin to formulate ways to deal with it. Thus the Court concludes that coverage was properly asserted.

### ACTIONS TAKEN BEFORE AMENDMENT

■ Defendant contends that the statute cannot apply to it since the downward adjustment of the wages was undertaken in June of 1985 and the amendments were enacted in November, 1985. This contention has been repeatedly rejected by the courts and by the Department of Labor. *See Alexander*, 694 F.Supp. at 223 ("section 8 of the 1985 FLSA amendments covers discrimination occurring retroactively to February 19, 1985, the date of the *Garcia* opinion. The literal language of the section shows Congress' intent to make the amendment retroactive."); *see also Blanton v. City of Murfreesboro*, 658 F.Supp. 1540, 1541–42 (M.D.Tenn.1987), *aff'd in part and modified in part*, 856 F.2d 731 (6th Cir.1988); *O'Quinn v. Chambers County*, 636 F.Supp. 1388, 1390–92 (S.D. Tex.1986); *Kartevold v. Spokane County Fire Protection Dist.*, 625 F.Supp. 1553, 1555–63 (E.D.Wash.1986) (*Garcia* is nonretroactive but the 1985 FLSA amendments are to be retroactive); Admin.Ltr.Rul. [Dept. of Labor, Wage and Hour Div.] no number ass'd, 161 Fair Labor Stds. Handbook—App III (Thompson Pub., Nov. 1987) (Aug. 6, 1987) ("the statutory protection against discrimination applies to employee assertions of overtime coverage which occur *on or after February 19, 1985*." (emphasis in original)).

This Court also rejects this argument and finds that Section 8 was intended to be applied retroactively. Therefore if Defen-

dant's actions were discriminatory, they would be prohibited by section 8, even if they were undertaken in June of 1985.

### DISCRIMINATION ISSUE

The determinative facts concerning this issue are not in dispute. Defendant contends that its actions were not discriminatory because the unilateral reduction of wages was a result of economic necessity. It further contends that it was free to unilaterally reduce wages because the fire fighters do not have a written contract with City protecting them from such action.

■ A downward reduction of regular pay by a city, if intended to circumvent the FLSA amendments and thus the application of *Garcia,* is unlawful. *See Alexander, supra,* 694 F.Supp. at 223; *Blanton, supra,* 658 F.Supp. at 1544–45; *Hill, supra,* 696 F.Supp. at 1126. *See also Craven v. City of Minot,* civil action no. A–4–88–046 (N.W.Div., D.N.D.) (March 13, 1989) (defendant violated section 8 when it unilaterally imposed a revised pay plan which reduced the plaintiffs' regular rate of pay after the plaintiffs had asserted coverage). Further, such wage reductions are *prima facie* unlawful if they are undertaken before August 1, 1986.[2] *Wilson, supra,* slip op. at 3.

Under the FLSA Defendant is not free to unilaterally reduce wages if it does so in response to the application of the overtime provisions of the Act, regardless of the lack of a written contract. *Hill, supra,* 696 F.Supp. at 1126.

■ In this action, it is clear that Plaintiffs' wages were reduced in response to the Act's application. Exhibit 8 to Defendant's Motion for Summary Judgment is the memo sent out by Fire Chief Jameson to the fire fighters on May 24, 1985. It states "[d]ue to a court ruling on the Fair Labor Standards Act, some recalculations on time will be made" and "[t]he recalculation will show a lower hourly rate and a lower annual rate but with the half pay added (156 hours per year) the salaries will remain the same." Defendant's Ex. 8.

In its Statement of Undisputed Facts the City also makes the following statement:
14. Sometime in early May, 1985, Defendant's officials met and decided what actions the Defendant needed to take to conform to the FLSA requirements. The Defendant's officials decided to reduce the Firefighters' hourly rates, pay overtime, develop a 21–day work cycle and adopt the 7(k) exemption.

There can be no other reason for the City to act so precipitately, except its desire to avoid the FLSA overtime provisions made applicable to cities by *Garcia.*

Like that of the city of Plainview, this action by Defendant was an attempt to "jump the gun by discriminating against the plaintiff firefighters before the enactment of Congressional amendments but after the *Garcia* decision which imposed liability." *Alexander, supra,* 694 F.Supp. at 224 (Cummings, J.) Again, the Court finds "Defendant is now caught in its own trap since the legislation includes provisions which backdates its effectiveness to the date of the *Garcia* opinion." *Id.*

Defendant's assertion that it was reducing wages because of economic necessity does not defeat Plaintiffs' Motion. *See Hill, supra,* 696 F.Supp. at 1126. "The Court does not find that argument to be compelling, especially in light of the fact that Congress delayed application of the FLSA overtime provision in order to give the states and local governments time to comply with the FLSA." *Id. Accord Rhinebarger v. Orr,* 839 F.2d 387 (7th Cir. 1988).

■ Defendant also contends that Plaintiffs have failed to establish discriminatory intent. But neither proof of discriminatory intent nor proof of a retaliatory motive on the part of the City is necessary to establish a violation of Section 8. *See Blanton v. City of Murfreesboro,* 856 F.2d 731, 734–36 (6th Cir.1988); *Hill, supra,* 696 F.Supp. at 1126, *Wilson, supra,* slip op. at 3.

### EXEMPT EMPLOYEES

Defendant moves to dismiss the claims of the three Battalion Chiefs, Plaintiffs

---

**2.** This is the date on which section 8 protection ends.

Broyles, Davis and Howard, and the Plaintiff fire captains.[3] Defendant claims that the battalion chiefs and fire captains were bona fide executives under § 213(a)(1) of the FLSA, 29 U.S.C. § 201, *et seq.*, and thus exempt from the overtime requirements.

▪▪▪▪ Overtime exemptions are to be narrowly construed. *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960). The employer has the burden of proving that an employee falls within the exemption. *See id.; Walling v. General Industries Co.*, 330 U.S. 545, 547–48, 67 S.Ct. 883, 884, 91 L.Ed. 1088 (1947); *Sutton v. Engineered Systems, Inc.*, 598 F.2d 1134, 1136 (8th Cir.1979). The executive exemption is to be applied only to those employees clearly and unmistakably within the terms *and* spirit of the exemption. *See Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392, 80 S.Ct. 453, 456, 4 L.Ed.2d 393 (1960); *Hodgson v. Colonnades, Inc.*, 472 F.2d 42, 47 (5th Cir. 1973); *Lyles v. K–Mart Corp.*, 519 F.Supp. 756, 760 (M.D.Fla.1981).

In order to prove that an employee falls within an exemption the "employer must meet *every* aspect of the definition for an exempt employee." *D'Camera v. District of Columbia*, 693 F.Supp. 1208, 1213 (D.D.C.1988) (emphasis supplied). *Accord Hodgson v. Barge, Waggoner & Sumner, Inc.*, 377 F.Supp. 842, 844 (M.D.Tenn.1972), *aff'd*, 477 F.2d 598 (6th Cir.1973).

An employee is exempt under the executive provision if he earns not less than $250.00 a week, "is paid on a salary basis, directs the work of two or more employees, and has as his or her primary duty the management of the enterprise or of a customarily recognized department or subdivision thereof." *Knecht v. City of Redwood*

*City*, 683 F.Supp. 1307, 1308–09 (N.D.Cal. 1987). *See also* 29 C.F.R. 541.1(f) (the weekly salary is exclusive of board, lodging or other facilities).

An employee is considered paid on a salary basis if he regularly receives, on a weekly or even less frequent basis,

a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. Subject to the exceptions provided below the employee must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. 29 C.F.R. § 541.118(a).

The exceptions to this rule provide, *inter alia*, that the salaried status of an employee is not affected by deductions made when an employee is absent for a day or more for personal reasons, or for sickness, or disability—if the employer is covered by a disability plan. 29 C.F.R. § 541.118(a)(1) through (a)(3).

The Court must ascertain the primary duty of the employee—whether that duty consists of manual labor as opposed to nonmanual 'office' work; whether an employee, in performing his duties, customarily and regularly exercises discretion and independent judgment. *D'Camera v. District of Columbia*, 693 F.Supp. 1208, 1210 (D.D.C.1988).[4] This requires that the Court make "a highly fact-specific inquiry into the tasks and responsibilities of the subject employees." *Id.*

## A. FIRE CAPTAINS

▪▪▪ The Court concludes that as to the Fire Captains Defendant has failed to preclude an issue of material fact, i.e.—to show that they meet every aspect of the

---

3. Defendant does so primarily to destroy compliance with the assertion requirement discussed *supra*, however, whether or not employees are entitled to receive overtime compensation under the FLSA is not determinative. What is determinative is the timely assertion of the coverage. Obviously Plaintiffs thought they were covered at the time they asserted coverage and brought the *Garcia* decision to the Fire Chief's attention. They are still asserting that they are covered by the provisions. However,

the Court expresses no opinion regarding the issue of Plaintiff Luther Davis' coverage, for this issue turns on his status, or lack thereof, as an exempt employee, based upon his tenure as acting Fire Chief.

4. It seems clear from the foregoing discussion that the Wichita Falls Fire Chief would be an exempt employee.

executive exemption. *See Knecht, supra,* 683 F.Supp. at 1309–12; *Hill, supra,* 696 F.Supp. at 1127. The fire captains perform the same duties of those employees they supervise 70 to 80% of the time. Further, they do not regularly and customarily exercise discretion and independent judgment. Their duties are established and defined by rules and other regulations.

Defendant disputes this and points to the job description of the fire captains that is provided by Defendant, but this alone does not meet Defendant's burden of negating any material issue. *See, e.g. D'Camera, supra,* 693 F.Supp. at 1211.[5]

### B. BATTALION CHIEFS

■ As to the Battalion Chiefs, the Court agrees that their primary duties appear to be executive in nature. However, the City has not met its exemption requirement that the employee be paid on a salary basis.

Plaintiffs argue that the fact that the Battalion Chiefs are paid at an hourly rate, and for overtime when called in outside of their normally scheduled shift, is an indication that they are not paid on a "salaried basis." But Plaintiffs do not cite any support for this proposition. Defendant argues that the Battalion Chiefs are salaried employees because they are not docked for any fraction of time off. Defendant points out that while the accumulation and usage of their sick leave and vacation leave are calculated on an hourly basis, they are not docked if they arrive at a 'zero balance' on their leave time, nor are they subject to such docking.

However, the Court finds that the City has failed to meet the exemption requirement that the Battalion Chiefs fall within the terms and spirit of the FLSA exemption—they have not been treated as exempt employees under the Act. The Defendant City of Wichita Falls has in fact treated the Battalion Chiefs as nonexempt employees. It pays them overtime, now, at the rate of

time and half, and has paid them overtime in the past—that is, the payment for possible overtime liability made in June of 1985 for prior months after *Garcia* was decided. Further, according to exhibit 8 of the Defendant's Motion for Summary Judgment, the Battalion Chiefs' salaries were also adjusted by the City in 1985 when their pay was unilaterally reduced in order to comply with *Garcia* and the FLSA requirements.

This is contrary to the regulations defining an exempt executive employee position as one that is paid on a salary basis—where the executive must receive his full salary for any week in which he performs any work without regard to the number of days or hours worked. *See* 29 C.F.R. §§ 541.1 & 541.118(a).

It appears that while Defendant argues that the Battalion Chiefs are exempt for FLSA overtime purposes, for Defendant's own purposes it does not treat them as exempt. Therefore the Court finds that Defendant City of Wichita Falls has failed to meet its requirements for the Battalion Chiefs to be exempt employees as a matter of law. The Court finds that the Battalion Chiefs are also subject to the FLSA requirements.

### MOTIONS FOR SUMMARY JUDGMENT ON THE CITY'S CROSS CLAIM

Both Motions are moot as to all Plaintiffs. The Court has determined that the Defendant illegally reduced wages in violation of section 8 of the FLSA 1985 amendments, thus there was no payment of 'extra compensation' in violation of the Texas constitution. Plaintiffs' Motion for Summary Judgment on Defendant's Cross Claim is therefore granted insofar as it comports with the Courts' Order concerning Defendant's liability pursuant to the FLSA, and Defendant's Motion for Summary Judgment on its Cross Claim is denied.

### CONCLUSION

The Court finds that there is no material issue of fact concerning the City of Wichita

---

**5.** Further, the description provided the Court of a Fire Captain's duties, the "Illustrative Examples of Work" attached as part of exhibit 1 to Defendant's Reply to Plaintiff's Response to De-

fendant's Cross Motion for Summary Judgment, resembles the work duties of a supervisor rather than an executive.

Falls impermissibly discriminating against the Plaintiffs after a sufficient assertion of FLSA coverage was made. The Court finds that the Defendant has in effect admitted it illegally reduced Plaintiffs' wages in violation of section 8 of the FLSA 1985 amendments. The Court further finds that there is no material issue of fact concerning whether the Fire Captains and Battalion Chiefs are nonexempt employees under the Act.

Defendant's Motion for Summary Judgment and Defendant's Motion for Summary Judgment on its Cross Claim are DENIED.

Defendant's Motion to Strike Portions of Plaintiffs' Motion for Summary Judgment is DENIED.

Plaintiffs' Motions for Summary Judgment are GRANTED insofar as Plaintiffs seek judgment on Defendant's liability under the Fair Labor Standards Act.

Plaintiffs are FURTHER ORDERED to respond, within fifteen (15) days of the date of entry of this Order, to Defendant's Motion to Dismiss the Complaint of Plaintiff Luther Davis.

It is SO ORDERED.