Jesus AGUILAR et al., Plaintiffs,

v.

W. Graham CLAYTON, Jr., Secretary Department of the Navy, et al., Defendants.

No. 77–409–C.

United States District Court, E. D. Oklahoma.

June 27, 1978.

Thomas F. Birmingham, Tulsa, Okl., for plaintiffs.

Betty O. Williams, Asst. U. S. Atty., Muskogee, Okl., for defendants.

ORDER DISMISSING ACTION

MORRIS, Chief Judge.

This action is before the court on a motion by defendants to dismiss. A brief has

been filed in support of the motion and plaintiffs have submitted a response opposing the motion.

This is an action by 160 employees of the McAlester Naval Ammunition Depot at McAlester, Oklahoma, and their union, AFGE Local 2815, to recover overtime wages under the Fair Labor Standards Act. Plaintiffs contend that during the period May 1, 1974 through July 8, 1974 they were required by the Navy to work more than 40 hours per week, but received no compensation for the additional time worked. Specifically, plaintiffs allege that during the nine-week period in question they were required to assemble in the cafeteria each day at 7:00 a. m., one-half hour before their work shift began, to don government-issued fire-proof coveralls. Plaintiffs then were required to board a bus which transported them to the bomb manufacturing plant where they were employed. Plaintiffs' argue that they were not compensated for the one-half hour of preparation prior to actually beginning work at 7:30 a. m.

In their motion to dismiss, defendants present four grounds for dismissal: (1) plaintiffs' suit is barred by the statute of limitations; (2) plaintiffs have failed to join a necessary and indispensable party; (3) defendants are immune from suit; and (4) the complaint fails to state a claim upon which relief can be granted. The court will consider each of defendants' contentions separately in determining whether the action is properly maintained or should be dismissed.

*Statute of Limitations.*

Defendants contend that under 29 U.S.C. § 255(a) plaintiffs had two years within which to file their lawsuit from the time their claim accrued. They argue that plaintiffs' claim accrued on the dates of the alleged overtime activity (May 1–July 8, 1974) and that since this lawsuit was not filed until December 2, 1977, the action is barred by the statute of limitations.

Plaintiffs take the position that their action is not barred by the statute of limitations because they first submitted a claim for overtime pay in August, 1974 to their commanding officer and thereafter sought administrative review of his decision denying their claim. Plaintiffs state they believed that by pursuing administrative relief they had met the requirement of instituting a timely action. Moreover, plaintiffs argue that defendants should be estopped from raising the statute of limitations as a bar to this suit because they misled plaintiffs into believing that the Civil Service Commission was the body responsible for administering all Fair Labor Standards Act claims involving federal employees. In this regard, plaintiffs have attached as exhibits to their response a number of civil service letters which they contend misled them into assuming they could still seek judicial action after exhausting administrative review, even though more than two years elapsed between the filing of a court suit and the date of the acts complained of.

Under § 207(a)(1) of the Fair Labor Standards Act, an employer is required to compensate employees who work in excess of 40 hours in one workweek at a rate not less than one and one-half times their regular rate. Section 203(e)(2) of the Act defines "employee" in part as "a civilian in the military departments." Employees who are denied overtime compensation by their employers may bring a claim to recover such unpaid wages in accordance with § 216(b) of the Act which provides, in pertinent part:

Any employer who violates the provisions of . . . section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . An action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. . . .

The Act imposes a limitation, however, on the time within which actions under § 216(b) must be filed. Section 255(a) of title 29 provides that:

Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act—

(a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued . . ..

In the case at hand, plaintiffs have made no allegations that defendants' alleged failure to pay overtime compensation constituted a willful violation of the Act. Thus, for purposes of this motion, the two year statute of limitations is applicable here.

Based on the parties' contentions and the relevant statutory authorities set forth herein, two issues are presented for resolution. First, the court must determine whether or not the two-year statute of limitations set forth in § 255(a) was tolled by plaintiffs' actions in seeking administrative relief. If the statute was not tolled during the pendency of the administrative proceedings, the court must decide whether or not defendants should be estopped from pleading the statute as a bar to this action because of alleged material misrepresentations made to plaintiffs as to when suit could be filed in this court.

1. In their response to defendants' motion to dismiss, plaintiffs restate this date as August 27, 1974.

2. Plaintiffs stated in their complaint that the Commission rejected their claim in June, 1975. They change this date to June, 1976 in their response to the motion to dismiss and the court will, for purposes of this motion, treat June,

a. *Does Plaintiffs' Pursuit of Administrative Relief Toll the Statute of Limitations for Purposes of Seeking Judicial Relief?*

Plaintiffs allege in their complaint that they first filed a request for overtime compensation with their commanding officer on October 7, 1974.[1] They assert that they were notified by letter on February 3, 1975 that their claim had been denied. On March 21, 1975, plaintiffs filed their claim with the Civil Service Commission's Bureau of Personnel Management Evaluation, which eventually denied plaintiffs' claim on June 1, 1976.[2] This action was subsequently filed on December 2, 1977.

Defendants argue that under the Fair Labor Standards Act exhaustion of administrative remedies is not a prerequisite to judicial relief and, accordingly, the filing of an administrative claim does not toll the statute of limitations. Thus, defendants contend that under § 255(a) plaintiffs' claim accrued between May and July of 1974 and a court action could be filed on that claim up until July 7, 1976, after which time the action was forever barred.

A review of the authorities cited by defendants in support of their position leads the court to conclude that the filing of an administrative claim does not in any way toll or otherwise affect the two year limitation imposed by § 255(a) on seeking judicial relief for violations of the Fair Labor Standards Act. In *Unexcelled Chemical Corporation v. United States*, 345 U.S. 59, 73 S.Ct. 580, 97 L.Ed. 821 (1952), the Supreme Court was confronted with the question of whether the two-year limitation set out in § 255(a) begins to run as of the date of the violation or only after administrative relief is exhausted.[3] In this regard, the Court held:

1976 as the date of the final administrative denial.

3. The court notes that the action in *Unexcelled Chemical* was brought by the United States under the Walsh-Healey Act, while the matter presently before the court is brought pursuant to the Fair Labor Standards Act. Both Acts, however, are governed by the statute of limita-

The contention is that the cause of action accrues, and the two-year period begins to run, only after it is administratively . . . [reviewed] by the Department of Labor . . . .

We take the opposing view. We conclude that "the cause of action accrued," within the meaning of . . . the . . . Act, when . . . [the violation of the Act occurred] . . . . A cause of action is created when there is a breach of duty owed the plaintiff. It is that breach of duty . . . that normally is controlling. . . . The fact that due deference to the administrative process should make a court hold its hand until the administrative proceedings before the Secretary of Labor have been completed is a matter of judicial administration and of no relevancy here. *The statutory liability accrued when . . . [the Act was violated]. It was from that date that the period of limitations* began to run.

345 U.S. at 65–66, 73 S.Ct. at 583–84 (emphasis added) (citations omitted).

Likewise in *United States v. Winegar,* 254 F.2d 693 (10th Cir. 1958), also brought by the government under the Walsh-Healey Act, this circuit considered the question of when the limitation period in § 255(a) began to run. Holding that the commencement of administrative action had no effect on the running of the two-year statute of limitations under § 255(a), the court stated:

The right of action pleaded in the complaint in this action was created by section 2 of the Walsh-Healey Act. The source of the cause of action was in the statute, not findings of the Secretary of Labor. The cause of action accrued upon failure to pay the applicable rates of compensation for overtime work done in the performance of the contracts. And the United States had the right at any time thereafter within the applicable period of limitation to institute and maintain the action. But the institution of an action

for the recovery of liquidated damages for such unpaid compensation is not conditioned upon the making of such findings by the Secretary. And the making of administrative findings of that kind is not a prerequisite to the right of the United States to institute and maintain the action.

.   .   .   .   .

. . . The well-recognized rule that administrative remedies must be exhausted before resort can be had to the judicial processes has application to claims which are cognizable in the first instance only by an administrative agency. In respect to claims of that kind, judicial interference is withheld until the administrative course has been exhausted. But since the cause of action pleaded in the complaint herein was cognizable in the first instance in the court, the statute referred to [requiring exhaustion of administrative relief] is without application.

254 F.2d at 695–96 (citations omitted). *See also Ott v. Midland-Ross Corporation,* 523 F.2d 1367, 1369 (6th Cir. 1975); *United States v. W. H. Kistler Stationery Company,* 200 F.2d 805 (10th Cir. 1952); *United States v. Lovknit Manufacturing Company,* 189 F.2d 454 (5th Cir.), *cert. denied,* 342 U.S. 896, 72 S.Ct. 229, 96 L.Ed. 671 (1951).

■ On the basis of the cases cited above, the court concludes the two-year statute of limitations in § 255(a) begins to run as of the date of the alleged violations of the Fair Labor Standards Act. Subsequent administrative proceedings do not affect the running of this statutory period. This is not to say that in instituting a Fair Labor Standards Act claim, a litigant must choose between pursuing either administrative or judicial relief; an aggrieved employee seeking overtime compensation can immediately file a court action and then apply for a stay pending the outcome of his administrative remedies. By so doing, the requirements of the statute of limitations are satisfied. *See United States v. Gulf*

tions set out in 29 U.S.C. § 255(a) and, accordingly, the Supreme Court's determination in *Unexcelled Chemical* of when the statute in

§ 255(a) begins to run is equally applicable here.

*States Asphalt Company, Inc.*, 472 F.2d 933, 936–37 (5th Cir. 1973); *United States v. Winegar, supra.* Plaintiffs here did not follow this procedure. Instead, they sought relief through administrative proceedings and only after all such appeals were denied was suit filed in this court. The court must conclude that since the acts complained of occurred during the period May 1 through July 8, 1974, and this lawsuit was not filed until December 2, 1977, plaintiffs have failed to institute a timely action under § 255(a). Accordingly, the complaint must be dismissed as barred by the statute of limitations unless it is determined that defendants should be estopped from raising the statute as a bar to this suit.

 b. *Should Defendants be Estopped from Raising the Statute of Limitations as a Bar to this Action?*

■ Plaintiffs contend that defendants materially represented to them that the Civil Service Commission was solely responsible for administering claims by federal employees for overtime wages under the Fair Labor Standards Act. In support of this contention, plaintiffs have attached to their response to defendants' motion to dismiss two letters issued by the Commission on which plaintiffs based their reliance that by seeking administrative relief they were in compliance with the applicable limitations statute. Defendants dispute plaintiffs' argument that the Commission made misrepresentations as to when suit could be filed.

The court has reviewed the materials which plaintiffs allege are misrepresentative of the procedural requirements for seeking overtime wages under the Act and concludes that defendants did not misrepresent to plaintiffs that seeking administrative relief was the only means available for recovering overtime compensation. The court reaches this conclusion after examining the provisions of the Act itself, the caselaw thereunder, and the two letters which plaintiffs offer as exhibits.

Turning first to the language of the Act itself, § 216(b), which authorizes suit against an employer who fails to pay overtime wages, provides in relevant part that an action to recover back wages or overtime wages "may be maintained . . . in any Federal or State court of competent jurisdiction by any one or more employees . . . ." There is no reference in § 216(b), which confers jurisdiction upon this court, to any administrative prerequisite whatsoever prior to filing suit. Likewise, in § 255(a) of the Act, which sets forth the period within which suit must be brought, there is no reference in any way to administrative proceedings tolling or otherwise affecting the time limitations prescribed for court actions. The language of the statute states in no uncertain terms that an action "to enforce any cause of action for . . . overtime compensation . . . under the Fair Labor Standards Act . . . may be commenced within two years after the cause of action accrued, and *every such action shall be barred forever unless commenced within two years after the cause of action accrued* . . . ." (emphasis added). In view of the unequivocal statutory language and the caselaw referred to previously in this order, it is difficult to envision why plaintiffs should have to rely on defendants' representations at all; the Act clearly sets out what is necessary for petitioning a court to review an employer's denial of a request for overtime wages.

Aside from the clarity of the Act itself, even if the court were to hold plaintiffs' reliance on defendants' representations to be reasonable in light of the express statutory language, there is nothing in the exhibits tendered by plaintiffs to suggest that plaintiffs could reasonably infer administrative relief was in any way a prerequisite to bringing this action. Exhibit 1 is a Civil Service Commission letter, dated May 15, 1974, providing instructions for implementing the 1974 amendments to the Fair Labor Standards Act, which made the Act applicable to federal employees. Plaintiffs argue that they operated under this letter until March 30, 1976. Examination of this letter reveals that on page one under subpart "d", the Commission warns that "[i]t should be

recognized that the instructions contained in this FPM letter do not answer all questions which are being raised about the effect and specific application of FLSA." Accordingly, plaintiffs should have been put on notice that this particular letter should not be considered dispositive of all F.L.S.A. procedural questions. Even so, the court is of the view that this letter does not imply that overtime claims under 29 U.S.C. § 201 *et seq.* must be administered by the Commission prior to seeking judicial relief. Plaintiffs point to language in the letter under the heading "Compliance" to the effect that "[t]he Commission is responsible for the enforcement of the provisions of the Act applicable to the Federal service." (Plaintiffs' exhibit 1 at p. 3). This section goes on to provide, however, that "[a] compliance program, including appropriate program standards, *an opportunity to seek administrative relief or rulings*, and other guidance to assure that "nonexempt" employees are properly paid under the Act, must be established" (emphasis added). A reasonable interpretation of this provision is that the Commission is responsible for claims seeking *administrative* relief under the Act; it is not reasonable to assume, as plaintiffs allege they did, that the letter in any way imposes limitations on the right to seek court action under 29 U.S.C. § 216(b). This is especially true where, as here, the Act itself puts no limitations on seeking judicial relief under § 216(b) except that such suits be timely filed. Finally, the court notes that under subpart 3(c) of the letter, the Commission states outright that "[t]he Act provides that an employee can seek relief *directly from the courts* for overtime work performed for which the employee feels he has not been properly compensated." (emphasis added.) In view of this express language and the absence of any equally clear provision to the contrary, the court concludes that no misrepresentations were made in the Commission's letter of May 15, 1974 which occasioned plaintiffs' delay in filing this suit.

Plaintiffs' exhibit 2 is also a letter from the Civil Service Commission concerning implementing the Act as to federal employ-

ees. It was issued on March 30, 1976, some two and one-half months before the statute of limitations ran on plaintiffs' claim. As with the first Commission letter, the court is of the view that it furnishes no basis for plaintiffs' mistaken impression as to where or when to pursue their claim. On page one of the letter under subpart 2, the Commission says "[A]n employee alleging an FLSA violation has a right to file a complaint directly with the Civil Service Commission. *The law itself also establishes the right for an employee to bring action in a U.S. district court . . . .*" (emphasis added). The right to seek judicial relief is reiterated on page 3 of the letter, which states "[a]s indicated previously an employee has the right to bring action in a U.S. district court if dissatisfied with a CSC determination. *The employee could go directly to court if he/she so desires*" (emphasis added).

■ Finally, under the heading "Time Limits on Filing Complaints," the March 30, 1976 Commission letter restates the requirement of § 255(a) that "an FLSA complaint generally must be filed within two years of the alleged violation." Plaintiffs' contention that this language is susceptible to meaning that a complaint may be filed with the Commission within two years and thereafter be filed with the courts is not tenable. Judicial review of a plaintiff's claim for overtime pay is provided for under the Act; judicial review of an adverse administrative decision is not. This court does not sit as a reviewing body for administrative decisions under the F.L.S.A. An employee may file his claim either with the Commission or with the court, but he cannot, as a matter of right, appeal an adverse commission ruling to this court. This being true, it follows that seeking administrative relief has no bearing whatsoever on the time limit imposed by § 255(a) on seeking relief in this court.

For the reasons set forth herein, the court concludes that plaintiffs' action is barred by the statute of limitations and that no basis exists for estopping defendants from raising the statute as a bar to

this suit. Accordingly, defendants' motion to dismiss is granted and the complaint is dismissed as to all defendants on all claims. In view of this holding, it will be unnecessary to review defendants' other arguments for dismissal.

ORDERED this 27th day of June, 1978.