**James Ewing RHODES, Jr., et al., Plaintiffs,**

v.

**BEDFORD COUNTY, TENNESSEE, Defendant.**

**No. Civ. 4–89–002.**

United States District Court, E.D. Tennessee, Winchester Division.

Feb. 12, 1990.

Gary A. Brewer and John D. Schwalb, Brewer, Krause & Brooks, Nashville, Tenn., for plaintiffs.

John T. Bobo, Co. Atty., Shelbyville, Tenn., and Keith D. Frazier, Baker, Worthington, Crossley, Stansberry & Woolf, Nashville, Tenn., for defendant.

## MEMORANDUM OPINION

JARVIS, District Judge.

This is an action by employees of the Bedford County Ambulance Service alleging violations of §§ 7 and 8 of the Fair Labor Standards Act (the "Act"), 29 U.S.C. §§ 207, 208; Pub.L.No. 99–150, § 8, 99 Stat. 787, 791 (1985). Currently pending is the motion for partial summary judgment of plaintiffs and the cross motion for summary judgment of defendant, Bedford County, Tennessee. For the reasons that follow, plaintiffs' motion for partial summary judgment is granted, and defendant's cross motion for summary judgment is denied.

## I.

### *Legal and Factual Background*

On February 19, 1985, the United States Supreme Court decided *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), making the FLSA minimum wage and overtime provisions expressly applicable to virtually all categories of state and municipal employees, including the plaintiffs. *Garcia* overruled a prior Supreme Court case, *National League of Cities v. Usery,* 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), which had held that the FLSA provisions were not applicable to those employees. In reaction to the *Garcia* decision, in late 1985, Congress passed a series of amendments to the FLSA intended to ease the fiscal transition for local governments affected by *Garcia.*

As part of those amendments, Congress enacted an antidiscrimination provision, § 8 of the Bill. Amendment § 8 provides as follows:

> Sec. 8. A public agency which is a State, a political subdivision of a State, or an interstate governmental agency and which discriminates or has discriminated against an employee with respect to the employee's wages or other terms or conditions of employment because on or after February 19, 1985, the employee asserted coverage under Section 7 of the Fair Labor Standards Act of 1938 shall be held to have violated Section 15(c)(3) of such Act. The protection against discrimination afforded by the preceding section shall be available after August 1,

1986, only for an employee who takes an action described in Section 15(a)(3) of such Act.

29 U.S.C. § 215, note. FLSA Section 15(a)(3) provides as follows:

It shall be unlawful for any person ... to discharge or in any other way discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on any industry committee.

29 U.S.C. § 215(a)(3).

Section 7 of the Act establishes the number of hours above which overtime is triggered. 29 U.S.C. § 207. In addition, to ease the fiscal transition for state and local governments newly subject to the Act, Congress passed an amendment postponing the effective date of the Act's application to April 15, 1986, one year after *Garcia* was decided.

The relevant facts are not in dispute. At the time *Garcia* was decided, the plaintiffs were paid on a salaried basis. They worked shifts of 24 hours on followed by 48 hours off duty. It is uncontradicted that between April 15, 1986, the effective date of the Act, and July 1, 1986, the plaintiffs were not paid the proper minimum wage, including overtime. The county has not made any back payments for this overtime liability. At the time of defendant's new fiscal year beginning July 1, 1986, the county began a process of switching the plaintiffs from salaried to hourly employees. In doing so, the county figured the amount each employee received per shift. When the shift pay was determined, eight hours was allocated as straight time and 16 hours as overtime. In determining the regular rate from which to pay the straight time and overtime, the 16 overtime hours were boosted by one and one-half times, such that the regular rate was deflated. This deflation yielded the same pay per shift when overtime was paid for the 16 hours in each 24–hour shift as was paid prior to the switch. Thus, the plaintiffs

ended up working the same number of hours and receiving the same pay under the hourly arrangement as they had under the salaried basis. At the same time, the employee received a percentage raise on top of the computed hourly rate. This raise was an across-the-board raise given to all county employees.

## II.

### The Contentions of the Parties

The plaintiffs contend that in not raising their regular rate from April 15 through June, 1986, the county violated Section 7 of the Act. Defendant does not dispute this violation.

Plaintiffs further contend that in the changeover from salaried to hourly workers, defendant violated both § 7 and § 8. Plaintiffs contend that as a result they are entitled to back pay, liquidated damages, and attorney fees.

The defendant contends that plaintiffs' claim with regard to the period July 1, 1986 through the present is barred by the applicable statute of limitations, 29 U.S.C. § 255(a). Defendant asserts that the three-year statute of limitations also found in § 255(a) is inapplicable because there is no proof that the changeover was a "willful" violation. Defendant further contends that with regard to the changeover plaintiffs fail to state a claim under either § 7 or § 8. Defendant also denies that any employees that defendant hired after July 1, 1986 are entitled to any recovery. Finally, defendant denies that plaintiffs are entitled to any recovery of liquidated damages, even if defendant may have unintentionally violated either § 7 or § 8 of the Act.

## III.

### The Statute of Limitations

■ 29 U.S.C. § 255(a) establishes the following limitations periods for claims arising under the FLSA:

Any action commenced on or after the date of the enactment of this Act to enforce any cause of action for unpaid minimum wages, unpaid overtime com-

pensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, ... may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

The FLSA provisions became applicable to the county on April 15, 1986. The changeover from salaried to hourly wage rates became effective on July 1, 1986. The plaintiffs filed their complaint in this case on January 11, 1989.

Plaintiffs contend that defendant's violation has been a continuing one and even if it was not, the violation was willful such that the three-year limitations period found in § 255(a) was applicable. Defendant denies that the violation was continuous and denies that it was willful. Because the court is of the opinion that the violation was continuous, the court need not address the factual dispute over whether or not it was willful.

If an employer discriminates by firing an employee because of his/her race or sex, or other protected classification, the discriminatory act takes place when the employee is fired and the statute of limitations ordinarily runs from that date. *See Delaware State College v. Ricks*, 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). However, the question becomes more difficult where the employer fails to give its employees a raise due to an illegal purpose.

The court finds that the defendant's failure to provide the plaintiffs with proper overtime payments in this case constitutes a continuing violation. The failure to provide plaintiffs with proper overtime payments is not a discrete one-time event, but occurs with each paycheck the plaintiffs receive. *See Hall v. Ledex, Inc.*, 669 F.2d 397 (6th Cir.1982); *Beebe v. United States*, 640 F.2d 1283, 226 Ct.Cl. 308 (1981); *Hill v. City of Greenville, Texas*, 696 F.Supp. 1123 (N.D.Tx.1988). Since the alleged violation of §§ 7 and 8 of the Act are continuing

ones, plaintiffs' action is not barred by 29 U.S.C. § 255(a).

## IV.

### *Violations of Section 7*

■ Section 7 of the Act provides as follows:

... No employer shall employ any of his employees who in any work week has engaged in commerce or in the production of goods for commerce or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1). In the instant case, the applicable regulations define the regular rate for salaried employees as the salary divided by the number of hours which the salary is intended to compensate. *See* 29 CFR § 778.113(a) and (b). With respect to mathematical schemes to avoid complying with the overtime requirements of the FLSA, one court has noted: "Overtime must be paid in money not arithmetic." *Mitchei v. Independent Stave Company*, 168 F.S. .p. 830, 835 (W.D.Mo.1958). The court is of the opinion that defendant's implementation of the changeover of its employees from salaried to hourly work constitutes a scheme intended to avoid the overtime requirements of § 7. It results in the workers being paid the same amount for the same number of hours worked both before and after the changeover. This was accomplished by artificially altering plaintiffs' "regular rate". Defendant does not dispute that during the period immediately before the changeover, April 15, 1986 through June 30, 1986, the payments to the plaintiffs violated § 7. I am of the opinion that the changeover on July 1, 1986 also violated § 7.

In light of the foregoing, summary judgment will be granted in favor of the plaintiffs on the issue of liability under § 7 of the Act. The court does not address the

question of whether defendant's actions also constitute a violation of § 8.

## V.

### *Liquidated Damages*

■ Under the FLSA, liquidated damages are available for a violation of § 7.

Any employer who violates the provisions of § 206 or § 207 of this title shall be liable to the employee or employees affected in the amount of their ... unpaid over-time compensation ... and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b). There is a limited good faith defense to an award of liquidated damages under the following circumstances:

If the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act of 1938, as amended, the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in § 216 of this title.

29 U.S.C. § 260.

With respect to the period April 15, 1986 through June 30, 1986, there is no proof that defendant acted in good faith and upon reasonable grounds in failing to abide by the provisions of the FLSA. Accordingly, summary judgment will be awarded in favor of plaintiffs with respect to liquidated damages for that period. However, with respect to the violation of § 7 which took place on July 1, 1986, a question of material fact remains with respect to whether defendant's actions were in good faith and based on reasonable grounds for believing that those acts were not a violation of the FLSA.

The court notes that if plaintiffs' claim for damages were found to exist only for a violation of § 8, then the standard for requiring payment of liquidated damages is provided by 29 U.S.C. § 216(b). That section provides that

[a]ny employer who violates the provisions of § 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of § 215(a)(3) of this title, including ... the payment of wages lost and an additional equal amount as liquidated damages.

The court also notes that a violation of § 207 requires the award of a reasonable attorney's fee for the plaintiff to be paid by the defendant. *See* 29 U.S.C. § 216(b).

## VI.

### *Late Hires*

■ The defendant contends that those plaintiffs hired after July 1, 1986 must be dismissed since they are not entitled to any recovery. The court disagrees. By not implementing a program of paying over-time by April 15, 1986 as the law required, and by in effect reducing the hourly wage on July 1, 1986, the defendant has injured the late hired employees as well. *Accord Hill v. City of Greenville, Texas,* 696 F.Supp. 1123, 1126–27 (N.D.Tx.1988).

## VII.

### *Conclusion*

In light of the foregoing, defendant's motion for summary judgment is DENIED. Plaintiffs' motion for partial summary judgment is GRANTED consistent with this opinion. Plaintiffs are entitled to summary judgment with respect to the following: (1) whether defendant violated § 7 of the FLSA in not paying overtime from April 15, 1986 through June 30, 1986; (2) whether plaintiffs are entitled to liquidated damages for the period April 15, 1986 through June 30, 1986; (3) whether defendant violated § 7 of the FLSA in changing the plaintiffs from salaried to hourly workers on July 1, 1986; and (4) whether defendant's violation of § 7 constitutes a continuous violation. The following issues remain to be tried: (1) the amount of back wages the plaintiffs are entitled to recover; (2) whether plaintiffs are entitled to liquidated damages for the period July 1, 1986 through the present; and (3) the amount of

attorney fees the plaintiffs are entitled to recover.

Order accordingly.