David A. FLECK, Appellee,

v.

STATE of Oklahoma ex rel. the OKLA-HOMA DEPARTMENT OF COR-RECTIONS, Appellant.

No. 83502.

Court of Appeals of Oklahoma, Division No. 4.

Aug. 30, 1994.

Certiorari Denied Dec. 15, 1994.

Released for Publication by Order of the Supreme Court Dec. 15, 1994.

Thomas E. Kemp, Jr., Norman, for appellee.

Lisa Tipping Davis, Asst. Atty. Gen., Susan B. Loving, Atty. Gen., Oklahoma City, for appellant.

### MEMORANDUM OPINION

STUBBLEFIELD, Judge.

This case was assigned to the accelerated docket pursuant to Civil Appellate Procedure Rule 1.203(A), 12 O.S.Supp.1993, ch. 15, app. 2, after the trial court granted summary judgment in favor of plaintiff in an action seeking back pay and liquidated damages

under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219. Appellant's motions for oral argument and briefing are denied. After a review of the record on appeal and applicable law, we reverse and remand with instructions.

On March 17, 1992, Plaintiff David Fleck filed this action against his employer, Defendant Oklahoma Department of Corrections (ODOC). Plaintiff was employed by ODOC as a Correctional Trade Supervisor at the Lexington Assessment and Reception Center in Lexington, Oklahoma. Plaintiff alleged that he was not fully compensated during fiscal years 1984 through 1989 for fifteen-minute shift briefings and overtime worked, which was paid at his regular rate of pay rather than at time and one-half. He sought recovery of this unpaid compensation, liquidated damages in an equal amount and attorney fees and costs pursuant to section 216(b) of the FLSA.

ODOC filed motions to dismiss and for summary judgment based largely upon the grounds that Plaintiff's claim was barred by 29 U.S.C. § 255, the statute of limitations applicable to Plaintiff's claims under the FLSA. Section 255 provides, in pertinent part:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended [29 U.S.C.A. § 201 et seq].  . . .
>
> (a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

However, the trial court denied these motions and sustained Plaintiff's motion for summary judgment apparently awarding him compensation for the entire period sought, although no evidentiary materials established the specific amount. The trial court also awarded judgment for liquidated damages and attorney fees, the latter without evidentiary basis. ODOC appeals.

ODOC claims six errors necessitating reversal. However, we find one dispositive. We conclude that the statute of limitations in section 255 does bar Plaintiff's cause of action.

■ Unquestionably, much of the recovery sought by Plaintiff is barred. In 1985, the United States Supreme Court in *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), reversed its express ruling in *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), and held that application of the FLSA to state and local governments does not violate the Tenth Amendment and that congress could enforce the provisions of the FLSA against them. One of the significant effects of *Garcia* was to require state and local governments to begin paying their employees overtime in accordance with the provisions of section 207 of the FLSA.

■ On November 14, 1985, congress amended the FLSA. The amendment included a provision delaying application of the FLSA overtime requirements. According to the terms of the amendment, state and local governments would not be liable to their employees for nonpayment of overtime until April 15, 1986. The amendment reads: "No State . . . shall be liable under section 16 [the penalties and civil and criminal liability provision] of the Fair Labor Standards Act of 1938 for a violation . . . of such Act occurring before April 15, 1986. . . ." Pub.L. No. 99–150, § 2(c)(1), 99 Stat. 787. The purpose of the amendment was to allow state and local governments "lead-time" to make necessary adjustments in their work practices, staffing patterns and fiscal responsibilities. *Rhinebarger v. Orr*, 839 F.2d 387, 388–89 n. 3 (7th Cir.1988), *cert. denied* 488 U.S. 824, 109 S.Ct. 71, 102 L.Ed.2d 48 (1988).

The trial court herein awarded compensation for unpaid shift briefings and overtime to Plaintiff, as he requested, for a period extending back to July 1, 1983. The award of back pay for the period of time prior to

April 15, 1986, is clearly contrary to the 1985 FLSA amendment.

It is also undisputed that Plaintiff *was* paid for a period of time for which he seemingly sought recovery in his petition and motion for summary judgment. He does not dispute the evidentiary showing that he was paid for the period of time from July 1, 1988, to December 31, 1989. Thus, any part of the trial court's judgment compensating him for that period is erroneous.

■ As to the remaining period for which recovery might be sought, the question determinative of Plaintiff's right to recover is when did his cause of action accrue. He claims that it did not accrue until April 24, 1992, when he received a check for back pay. He maintains this is the first time he had knowledge that he was not paid properly.

■ However, Plaintiff does not explain why he did not know that he was not being paid for all hours worked. Clearly, that fact was evident each pay period when his pay did not reflect all the hours he knew, or should have known, that he had worked. In that regard, the law is clear that a cause of action for overtime wages under the FLSA accrues when the FLSA is violated or a duty created by the FLSA is breached. *See Unexcelled Chemical Corp. v. United States,* 345 U.S. 59, 65, 73 S.Ct. 580, 583, 97 L.Ed. 821 (1953); *Aguilar v. Clayton,* 452 F.Supp. 896, 898–99 (E.D.Okla.1978). A cause of action arises with each pay period in which there is a breach of the FLSA. *Halferty v. Pulse Drug Co., Inc.,* 821 F.2d 261 (5th Cir. 1987).

Section 255 of the FLSA contains a two-year statute of limitations for non-willful violations and a three-year limitation period if the employee's cause of action arises out of a willful violation. Although Plaintiff did allege a willful violation in his amended petition, there is not sufficient evidence before the trial court and this court to determine whether there was, or was not, a willful violation of the FLSA. However, even the three year statute would allow Plaintiff's recovery only after March 17, 1989, and the evidentiary materials do conclusively demonstrate that Plaintiff *was* properly paid from that date forward.

■ In order to avoid the section 255 bar to his claim, Plaintiff argues that the doctrine of equitable tolling applies and that ODOC should be estopped from seeking dismissal or summary judgment on timeliness grounds. However, Plaintiff did not plead such an exception to the statutory limitation provisions, and he set forth no facts supportive of such a claim.

■ Equitable tolling prevents a statute of limitations from running and applies where an employee is unaware of his cause of action *and the employer's misleading conduct is responsible for the employee's unawareness of his cause of action. Cerbone v. International Ladies' Garment Workers' Union,* 768 F.2d 45, 49–50 (2d Cir.1985). Under the appropriate circumstances, such as where there is "extraordinary" conduct by the employer, this doctrine defers the commencement of the filing period from the time of the wrongful conduct to the time the employee should have discovered its nature. *Id.* at 49.

■ Equitable estoppel is applied in situations where an employee is aware of the basis of his claim but fails to commence an action within the filing period. It is properly invoked where the employer misrepresents the length of the filing period or in some fashion lulls the employee into believing that it was not necessary for him to commence the litigation. *Id.* at 50.

■ Plaintiff presented no evidentiary materials that support his argument that the filing period should be tolled. There is no evidence of fraudulent concealment or that ODOC misled him about his rights under the FLSA. And, contrary to what Plaintiff *insinuates* in his summary judgment brief, there is no evidence in the record that ODOC falsely assured Plaintiff that he need not file his action until his administrative remedies through the grievance procedure were exhausted. However, in this last regard, the law is clear that *the fact of filing a grievance, standing alone, is insufficient grounds for tolling or otherwise affecting the FLSA statute of limitations. Aguilar,* 452 F.Supp. 896.

There is no reference in the FLSA to "any administrative prerequisite whatsoever prior to filing suit," and "no reference in any way to administrative proceedings tolling or affecting the time limitations prescribed for court actions." *Id.* at 900.

Plaintiff also argued that "continuing violation" of the FLSA by ODOC supported retroactive application of the FLSA amendment and allowed him to assert his claims dating back to July 1, 1983. He cited *Hill v. City of Greenville, Texas*, 696 F.Supp. 1123 (N.D.Tex.1988), in support of this argument. The following discussion shows that Plaintiff misperceives the "continuing violation" concept.

The November 1985 amendment to the FLSA contained an anti-discrimination provision, which stated that no state or political subdivision shall discriminate against an employee with respect to the employee's wages or other terms or conditions of employment because, on or after February 19, 1985, the employee asserted coverage under FLSA. Pub.L. No. 99–150, § 8, 99 Stat. 791, 29 U.S.C. § 215 note [section 8]. In *Hill,* the employer, after learning of the decision in *Garcia,* reduced the hourly pay rate in August 1985 in order to avoid application of FLSA overtime compensation provisions. The affected employees argued that section 8 of the amendment should be applied retroactively, making their employer liable for its discriminatory actions occurring between February 19, 1985, the date of the *Garcia* decision, and November 14, 1985, the date of the amendment. Finding no clear legislative intent that it should be so applied, the court in *Hill* declined to apply the amendment retroactively. *Id.* at 1125.

However, the court in *Hill* also determined that if the employer's actions were discriminatory within the meaning of the amendment when they occurred in August 1985, and the discriminatory action was not corrected when the November 1985 amendment was enacted, the employer would be liable for violation of section 8 *after the November 1985 amendment was enacted* even though no new and independent discriminatory action occurred. *Id.* The court reasoned that this was because an act of discrimination that occurred before November 1985 and remained uncorrected was "a continual act of discrimination." *Id.*

Thus, the employer in *Hill* was liable for the payment of overtime from April 15, 1986—the date congress made FLSA applicable to municipalities—even though no new discriminatory action had occurred since August 1985. *Id.* at 1126. That was the full extent of the retroactive application.

A "continuing violation" of the FLSA may also occur in situations involving a facially discriminatory system of payment. An example of a facially discriminatory system is where racial or sex-related animus motivates a wage differential. *See e.g., Lorance v. AT & T Technologies, Inc.,* 490 U.S. 900, 912 n. 5, 109 S.Ct. 2261, 2269 n. 5, 104 L.Ed.2d 961 (1989), *superseded by statute,* 42 U.S.C. § 1981(a). The payment system discriminates each time it is applied, and thus the FLSA violation is renewed with each paycheck. *See Alldread v. City of Grenada,* 988 F.2d 1425, 1431 (5th Cir.1993). On the other hand, if the discrimination alleged was solely the result of a single violation that occurred outside the statute of limitations, the subsequent paychecks reflecting the reduction would simply give continuing effect to the past violation in a facially neutral manner and would not constitute a continuing violation. *Id.* at 1430.

There is no post-*Garcia* wage reduction or racial or sex-related discriminatory system of payment involved herein. Thus, there is no basis for applying the "continuing violation" concept in order to allow Plaintiff to collect overtime compensation for any period prior to March 17, 1989.

We do note that some federal appellate courts have determined that the failure to meet minimum wage requirements or provide proper overtime payments is a continuing violation of the FLSA, a cause of action for which accrues at each regular payday immediately following the work period during which the services were rendered for which the overtime compensation is claimed. *See e.g., Halferty,* 821 F.2d at 270–71. Even so, the last period for which Plaintiff did not receive accurate overtime payments was

June 30, 1988. If the three-year period applied, Plaintiff could only recover from March 17, 1989, to March 17, 1992—a period for which he *was* paid correctly.

Under no set of circumstances would Plaintiff be entitled to collect compensation for overtime worked prior to April 15, 1986. And there are no circumstances involved herein that would require equity to either toll the FLSA statute of limitations or estop ODOC from asserting a statute of limitations defense.

We conclude that the trial court erred when it entered judgment in favor of Plaintiff. The undisputed material facts show that ODOC is entitled to judgment as a matter of law, District Court Rule 13, 12 O.S.1991, ch. 2, app., because the periods for which Plaintiff sought unpaid compensation were outside the statute of limitations. Therefore, the judgment of the trial court is reversed and the cause is remanded with instructions to enter judgment in favor of ODOC.

REVERSED AND REMANDED WITH INSTRUCTIONS.

TAYLOR, P.J., and REIF, C.J. (sitting by designation), concur.