132 F.3d 42
 97 CJ C.A.R. 3400
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 MARY C. GRIFFIN, Plaintiff-Appellant,
v.
DILLON FAMILY & YOUTH SERVICES, doing business as Shadow
Mountain Institute, a corporation, Defendant-Appellee.
 No. 92-5031.
(D.C.No. 90-C-672-B)
 United States Court of Appeals, Tenth Circuit.
 Dec. 16, 1997.
 
 Before KELLY, McKAY, and BRISCOE, Circuit Judges.
 
 
 1
 ORDER AND JUDGEMENT*
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Mary C. Griffin appeals the district court's judgment for defendant following a bench trial on her claims for sex discrimination and retaliation brought pursuant to Title VII and Oklahoma state law. The district court held that plaintiff had been subjected to a sexually hostile work environment during her employment by defendant. The court entered judgment in defendant's favor, however, because plaintiff's employment was not terminated due to sex discrimination or retaliation. The district court dismissed plaintiff's state law claims on the ground that the state statute of limitations had expired, and awarded costs in favor of defendant as the prevailing party. We affirm.
 
 
 4
 On appeal, plaintiff asserts that the district court erred in refusing to award her nominal damages, payment for psychological treatment, front pay, and back pay, based in its finding that she had been subjected to a sexually hostile work environment. Plaintiff further claims that she is entitled to prevailing party status and a concomitant award of costs, that the district court should have entered an order requiring defendant to cease sexually harassing its employees, and that she was entitled to equitable tolling of the state statute of limitations.
 
 
 5
 Unless clearly erroneous, we will not set aside a district court's findings of fact following a bench trial. See Fed.R.Civ.P. 52(a). We review questions of law de novo. See FDIC v. Oldenburg, 34 F.3d 1529, 1538 (10th Cir.1994).
 
 
 6
 Plaintiff was employed by defendant as a member of the landscaping crew from November, 1985 until August 24, 1987. During her employment, she was placed on sick leave for a knee injury. She returned to work on part-time, light-duty status on June 1, 1987. On June 16, 1987, plaintiff had an altercation with her supervisor, who sent her home until she had her doctor's permission to return to work full time on full duty. Plaintiff was again placed on sick leave status. By a letter dated August 7, 1987, defendant informed plaintiff that she had exhausted her six-week sick leave allotment and defendant had extended her sick leave for an additional twelve weeks. Defendant expressed its need for someone to fill plaintiff's position. The letter therefore advised plaintiff that if she could not return to her employment on a full-time, full-duty basis by August 24, 1987, defendant would terminate her employment and hire a replacement. Plaintiff did not return to work, and defendant terminated her employment.
 
 
 7
 Plaintiff claims she was entitled to monetary relief as a result of the sexually hostile work environment. After the trial in this case, the 1991 Civil Rights Act (the 1991 Act) was enacted, providing for compensatory and punitive damages under Title VII. See 42 U.S.C. § 1981a. Plaintiff requested after judgment that the 1991 Act be applied retroactively to her case. The Supreme Court has resolved the question, ruling that the Act's provisions for compensatory and punitive damages are not retroactive. See Landgraf v. USI Film Prods., 511 U.S. 244, 286 (1994).
 
 
 8
 Under prior law, a Title VII plaintiff was not entitled to monetary damages even if unlawful discrimination was proved, "unless the discrimination was also found to have some concrete effect on the plaintiff's employment status, such as a denied promotion, a differential in compensation, or termination." Id. at 254; accord Winsor v. Hinckley Dodge, Inc., 79 F.3d 996, 1002 (10th Cir.1996); cf. Allen v. Denver Pub. Sch. Bd., 928 F.2d 978, 985 (10th Cir.1991) (compensation for emotional distress not available in pre-1991 Act case).
 
 
 9
 We are not persuaded by plaintiff's argument that she was the victim of unlawful sex discrimination when her supervisor placed her on sick leave following their altercation on June 16, 1987. She does not allege that defendant was required to retain her on part-time, light-duty status indefinitely. Furthermore, she was entitled to return to her employment at any time before August 24, 1987, but she did not. Therefore, because plaintiff's employment status was not affected by the sexually hostile environment, monetary relief was not available to her.
 
 
 10
 Plaintiff maintains that she was entitled to a "make whole" remedy under prior law. See 42 U.S.C. § 2000e-5(g) (1972) (authorizing equitable relief). Accordingly, plaintiff avers that defendant must pay for her future psychological therapy and compensate her for wages she might have made but for defendant's mistreatment. These claims are too speculative to support a damages award. See Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 39 F.3d 1482, 1494 (10th Cir.1994) (damages not to be based on speculation). Therefore, the denial of those damages is not clearly erroneous. We also reject plaintiff's claim for nominal damages because they are not available under Title VII. See Griffith v. Colorado, Div. of Youth Servs., 17 F.3d 1323, 1327 (10th Cir.1994).
 
 
 11
 Plaintiff cites the case of Franklin v. Gwinnett County Public Schools, 503 U.S. 60 (1992), as an alternative authority for compensatory damages. Franklin, a Title IX action, is inapposite to plaintiff's case; it does not provide a basis for a monetary award to plaintiff.
 
 
 12
 Despite the district court's ruling that plaintiff was discharged for a nondiscriminatory reason, she maintains that she was the prevailing party because the district court found that she had been subjected to a sexually hostile work environment. Plaintiff recovered no monetary damages from defendant. At most, she attained "the moral satisfaction of knowing that a federal court concluded that [her] rights had been violated." Hewitt v. Helms, 482 U.S. 755, 762 (1987). The judgment did not "affect[ ] the behavior of the defendant towards the plaintiff." Id. at 761 (emphasis omitted). Therefore, plaintiff was not the "prevailing party." See Griffith, 17 F.3d at 1329 (holding party who failed to accomplish any success in litigation not prevailing party).
 
 
 13
 Once the district court determined that defendant was the prevailing party, costs were to be allowed as a matter of course. See Fed.R.Civ.P. 54(d). Plaintiff does not challenge the amount of costs awarded. We find no abuse of discretion in the district court's order on costs. See Jones v. Unisys Corp., 54 F.3d 624, 633 (10th Cir.1995) (district court has discretion in matter of costs under Rule 54(d)).
 
 
 14
 Plaintiff also asserts that the district court should have entered an injunction against defendant's future sexual harassment of its employees. This claim is moot because plaintiff no longer works for defendant, and she did not sue on behalf of a class. See Arizonans for Official English v. Arizona, 117 S.Ct. 1055, 1071 & n. 27 (1997).
 
 
 15
 Finally, we address plaintiff's claim that the state statute of limitations on her state claims for intentional infliction of emotional distress should be equitably tolled. She does not dispute the two-year limitations period dictated by Okla. Stat. tit. 12, § 95. She asserts, rather, that the limitations period should have been tolled during the time her Title VII claims were pending with the Oklahoma Human Rights Commission. Generally, equitable tolling requires extraordinary circumstances preventing a plaintiff from asserting his or her rights. Cf. Million v. Frank, 47 F.3d 385, 389 (10th Cir.1995) (holding compliance with Title VII's filing requirements not equitably tolled where plaintiff failed to show he was prevented in some extraordinary way from filing his claim); Fleck v. State ex rel. Okla. Dep't of Corrections, 888 P.2d 532, 535 (Okla.Ct.App.1994) (holding compliance with FLSA's filing requirements not equitably tolled where plaintiff failed to show employer's extraordinary conduct made him unaware of his cause of action). Here, plaintiff has not alleged that extraordinary circumstances prevented her from filing her state law claims within the limitations period. Therefore, she is not entitled to equitable tolling, and the district court properly dismissed those claims.
 
 
 16
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3