**JOSEPH G. MORETTI, INC., and Nat G. Harrison Overseas Corporation, Appellants,**

**v.**

**William J. BOOGERS, Appellee.**

**No. 23460.**

United States Court of Appeals
Fifth Circuit.

April 7, 1967.

Lucien G. Woodard, Miami, Fla., Henry L. Newell, Balboa, Canal Zone, for appellant.

David de C. Robles, Woodrow deCastro, DeCastro & Robles, Balboa, Canal Zone, for appellee.

Before GEWIN, COLEMAN, and GOLDBERG, Circuit Judges.

PER CURIAM:

This was an action by a former employee against his former employers for overtime compensation under the Fair Labor Standards Act, 29 U.S.C.A. § 216 (b),[1] claiming overtime compensation for all time worked over forty hours per week from January 16, 1963 through September 30, 1964. The detailed facts appear in the opinion of the Court below, reported at 247 F.Supp. 981 (1965). We, therefore shall not reiterate the facts here. Judgment was entered for the employee in the amount of $3,475.88, plus costs and attorney's fees in the sum of $1,700. Because of the errors in computation hereinafter set forth the judgment is vacated and remanded for a recomputation to be made consistently with the standards here announced.

From January 16, 1963, until May 8, 1963, the claimant was employed at a weekly salary of $100. From May 9, 1963, until September 30, 1964, the weekly salary was $110. The employer kept no hourly time sheet, but the employee kept a personal diary of the time worked each week, including Saturdays.

The first error committed by the Court below was that it divided forty [hours] into these weekly wage rates and thereby fixed a base rate of $2.50 per hour for the period expiring May 8, 1963, and $2.75 per hour thereafter. The employee's work week actually fluctuated from thirty-two to fifty-seven hours. It is undisputed that no hours were agreed upon in the employment contract. It was standard procedure. to work on Saturdays. Obviously, since no forty hour work week was agreed upon, the rule of Bay Ridge Operating Co. v. Aaron, 334 U.S. 446, 68 S.Ct. 1186, 92 L.Ed. 1502 (1948) is controlling:

"Where there are no overtime premium payments the rule for determining the regular rate of pay is to divide the wages actually paid by the hours actually worked in any workweek and adjudge additional payment to each individual on that basis for time in excess of forty hours * * *."

See also Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 580, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942), in which it is pointed out that under this method the employee's regular hourly rate of pay will vary from week to week. See also the Interpretative Bulletin to 29 C.F.R. § 778.114. The base hourly rate of pay and time for this employee, in excess of forty hours per week, if any, must be recomputed in accordance with these principles.

We especially point out that overtime for holidays, Saturdays, and Sundays are due only for that time in any particular week in which the employee actually worked more than forty hours. Moreover, mealtime cannot be included as hours worked and neither can portal to portal travel be included as hours worked.

---

1. (b) Any employer who violates the provisions of section 206 [relating to the minimum wage] or section 207 [relating to maximum hours and overtime rates] of this title shall be liable to the employee * * * affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. * * * The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action. * * *

Because the employers here did not keep accurate records of the amount of time the appellee worked, his own diaries were admissible. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 693, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). Mitchell v. Riley, 5 Cir., 1961, 296 F.2d 614; Mitchell v. Mitchell Truck Line, Inc., 5 Cir., 1961, 286 F.2d 721.

The District Court, in its discretion, will likewise recompute attorney's fees in the light of the initial recomputation here directed.

Vacated and remanded for further proceedings not inconsistent with this opinion.