**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 22 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SHERI L. BROWN,

      Plaintiff-Appellee-
      Cross-Appellant,

v.

PIZZA HUT OF AMERICA
INCORPORATED, Delaware
corporation,

      Defendant-Appellant-
      Cross-Appellee.

Nos. 96-6244
&
96-6260
(D.C. No. CIV-95-1293-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRORBY, BARRETT, and LUCERO, Circuit Judges.

---

[*]    At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, a former Pizza Hut restaurant manager, prevailed at trial on her claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, that she was constructively discharged by defendant Pizza Hut in retaliation for complaining about its break policy and nonpayment of overtime compensation. The jury awarded Brown $2,500.00 in unpaid overtime; $34,394.17 in back pay; and a lump sum of $15,605.83 in compensatory damages. Under the jury instruction and verdict form, the compensatory damage award may have included front pay as well as damages for other, nonpecuniary losses. See Appellant's App. at 40-41, 50. At Brown's request, the district court awarded her an additional amount as liquidated damages equal to the jury's unpaid overtime and back pay awards under 29 U.S.C. § 216(b).

On appeal, Pizza Hut contends that the district court erred in doubling the back pay award on Brown's retaliation claim. Pizza Hut argues that the liquidated damages award improperly duplicates damages provided by the jury in its compensatory damages award. Brown contends on cross-appeal that the district court was required by the statute to double the jury's compensatory damages award as well as the back pay and overtime awards. We exercise jurisdiction under 28 U.S.C. § 1291, and affirm.

The parties do not agree on the appropriate standard of review. Pizza Hut argues that we should review the district court's interpretation of the statute de

novo, while Brown argues that we should review the district court's award of

liquidated damages only for abuse of discretion. We see no inconsistency in these

contentions. Pizza Hut's claim that the district court wrongly interpreted 29

U.S.C. § 216(b) raises a legal issue that we review de novo. See Burlington

N.R.R. v. Huddleston, 94 F.3d 1413, 1416 (10th Cir. 1996). To the extent a

proper interpretation of the statute gives the district court discretion, however, we

review its action under the statute only for abuse of discretion. See Crenshaw v.

Quarles Drilling Corp., 798 F.2d 1345, 1351 (10th Cir. 1986). With these

standards in mind, we turn to the merits.

The liquidated damages award provided in the first sentence of § 216(b)[1]--

for violations of the FLSA's minimum wage and overtime compensation

provisions--is intended to compensate the plaintiff for "damages too obscure and

---

[1]    The first two sentences of 29 U.S.C. § 216(b) state:

Any employer who violates the provisions of section 206 [minimum wages] or section 207 [overtime compensation] of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. Any employer who violates the provisions of section 215(a)(3) [retaliatory discharge] of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

difficult of proof for estimate other than by liquidated damages." Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 583-84 (1942). The statutory language gives us no reason to conclude that the award of liquidated damages provided in the second sentence of § 216(b)--for violations of the FLSA's retaliation provision--is intended to serve a different purpose.

Whether the provision for an award of liquidated damages in retaliation cases is discretionary or mandatory is a separate question. Although we have held that the award of liquidated damages in wage and overtime cases provided in the first sentence of § 216(b) is mandatory unless the district court finds that the employer acted reasonably and in good faith, as provided in 29 U.S.C. § 260, see, e.g. Crenshaw, 798 F.2d at 1351 (case involving overtime provision of FLSA); Doty v. Elias, 733 F.2d 720, 725-26 (10th Cir. 1984) (case involving minimum wage provision of FLSA), we have not yet had occasion to consider whether the liquidated damages award provided in the second sentence of the statute--for violations of the FLSA's retaliatory conduct provision--is mandatory or discretionary. Compare Blanton v. City of Murfreesboro, 856 F.2d 731, 737 (6th Cir. 1988), and York v. City of Wichita Falls, 763 F. Supp. 876, 880 (N.D. Tex. 1990), and Professional Firefighters Ass'n v. City of Clayton, 759 F. Supp. 1408, 1413-14 (E.D. Mo. 1991), with Avitia v. Metropolitan Club of Chicago, Inc., 49 F.3d 1219, 1226, 1232 (7th Cir. 1995), and Lowe v. Southmark Corp., 998 F.2d

-4-

335, 337 (5th Cir. 1993). We need not determine this issue today. Whether mandatory or discretionary, the plain language of the second sentence of § 216(b) clearly implies that only "wages lost" are subject to doubling in a retaliation case. If the award of liquidated damages on Brown's back pay award (which obviously represents lost wages) is mandated by § 216(b), then Pizza Hut cannot show that the district court erred in making the award.

Even if the award is discretionary, the only compensatory damages that could arguably be improperly duplicated by the liquidated damages award on back pay are those awarded for nonpecuniary losses, and Pizza Hut cannot show what portion of Brown's lump-sum compensatory damages award represents nonpecuniary losses. According to the jury instruction and the verdict form, Brown's compensatory damages award might include front pay and/or compensation for "future losses, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life." Appellant's App. at 40, 50. Pizza Hut has not in any way indicated that it objected in the district court to both pecuniary and nonpecuniary damages being combined on the verdict form and, accordingly, it has waived any objection to the district court's treatment of this award. Cf. Patton v. TIC United Corp., 77 F.3d 1235, 1241 (10th Cir.), cert. denied, 116 S. Ct. 2525 (1996); Fortier v. Dona Anna Plaza Partners, 747 F.2d 1324, 1337 (10th Cir. 1984); Dixson v. Newsweek, Inc., 562 F.2d 626, 631 (10th Cir. 1977).

By the same token, Brown cannot prevail on her cross-appeal that § 216(b) mandates that her compensatory damages award be doubled. Although front pay at least arguably constitutes lost wages, Brown cannot show what portion of her lump-sum compensatory damages award represents front pay. There is no indication in the record that Brown objected to both pecuniary and nonpecuniary damages being combined on the verdict form and, as a result, she cannot show that the district court erred in declining to double her compensatory damages award.

AFFIRMED.

Entered for the Court

Carlos F. Lucero
Circuit Judge