Dear Ms. DeFrancesch:
This office is in receipt of your request for an opinion of the Attorney General in regard to compensation for working on a declared holiday. You indicate as a result of an emergency appeal filed on the Friday before Labor day your civil supervisor worked on Labor Day typing subpoenas inasmuch as they needed to be served immediately. The policy manual provides that overtime is paid for work done after having worked a 40-hour week. The employee in question did not work over 40 hours, but did work on a holiday where all employees were paid for the holiday.
You ask if the employee is due time and a half for 1) the work done on the holiday even if she did not work over 40 hours for the week; and 2) if compensation time is taken during the week and the employee works over the 40 hours is the office obliged to pay overtime?
You have clarified the work time for the week of Labor Day by pointing out that the employee worked 5 hours and 15 minutes on Labor Day, and worked a total of 17 hours and 15 minutes of regular time during the week. She used compensation time for one day, and sick leave another day to comprise the total time that she worked that week. Thus, she did not exceed 40 hours that week.
Therefore, as we understand the situation of work time for the week of Labor Day, the employee's actual work time was 22 ½ hours, using compensation time for an additional 8 hours for one day off, and another 8 hours for one day of sick leave.
With regard to the second question you state if an employees uses 8 hours of compensation time during the week, and their total workweek is then 42 hours, is the office obliged to pay the employee 2 hours overtime even when the employee used 8 hours of compensation time.
This office has found that an employee who works on a holiday, but does not work over 40 hours in that week would not be entitled to time and a half for the work done on the holiday. In Atty. Gen. Op. 01-311 this office recognized that when an employee's workweek does not consist of forty "actual work hours" due to either a holiday, annual leave or sick leave, any overtime work by the employee should be paid only at straight time, citing Atty. Gen. Op. 97-338A.
In Atty. Gen. Op. 97-338A this office found that the time and a half overtime will only apply after forty actual hours of work when the workweek includes a holiday. In the opinion it was stated, "Therefore, to clarify the response to your inquiry, overtime of time and a half must be paid to public employees called on to work on holidays or nights when work at these times is in addition to having actually worked forty hours that same week." Reliance was placed upon the decision of Joseph G.Morretti, Inc. v. Boogers, 376 F.2d 27 (5th Cir. 1967) wherein the court stated as follows:
 We especially point out that overtime for holidays, Saturdays, and Sundays are due only for that time in any particular week in which the employee actually worked more than forty hours. Moreover, mealtimes cannot be included as hours worked and neither can portal-to-portal travel be included as hours worked.
Accordingly, we find the employee who worked on Labor Day, but did not work over forty hours in that week inasmuch as she took one day of sick leave and one day of compensation time would not be due overtime pay, but straight time for the five hours and fifteen minutes of work on Labor Day.
The court in York v. City of Wichita Falls, Tex, 763 F. Supp. 876
(N.D.Tex 1990) was faced with the issue of calculation of overtime wage due the plaintiffs. The issue was whether this figure is determined by including the plaintiff's vacation, holiday and sick leave hours into the calculation of "hours worked". In conclusion it was stated, "This Court has reviewed the positions of the parties, and finds that these times are not to be included as payable overtime hours unless these unscheduled hours were actually worked by a Plaintiff." The Court cites theMorretti case, supra.
In Atty. Gen. Op. 01-311 this office recognized that some employees may only be entitled to straight time pay for overtime worked "when the employee has not worked an actual forty hour work week." This office explained, "In other words, when an employee's workweek does not consist of forty actual work hours due to either a holiday, annual leave or sick leave, any overtime work by the employee should be paid only at straight time."
However, if an employee takes compensation time, and the employee then actually works over the forty hours she would be due overtime pay. However, the hours taken as compensatory time cannot be calculated in the workweek hours. 29 U.S.C. § 207(o)(7) provides as follows:
 (B) the terms "compensatory time" and "compensatory time off" mean hours during which an employee is not working, which are not counted as hours worked during the applicable workweek or other work period for purposes of overtime compensation, and for which the employee is compensated at the employee's regular rate.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: November 15, 2002